CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Civil Action No. 7:25-cv-00719 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **LT. DAY, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## ORDER

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officers at Green Rock Correctional Center. The case is presently before the court on Nealson's "motion for three judge panel for release order." ECF No. 9. For the following reasons, the motion is **DENIED**.

The requirements for a three-judge panel are set forth in 28 U.S.C. § 2284. The statute provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality or the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). In the pending motion, Nealson does not challenge the constitutionality or apportionment of a congressional district or a statewide legislative body. Nor does he identify any other statute that would authorize the appointment of a three-judge panel. Accordingly, his motion requesting that the court convene "three judges to hear a motion for a release order" is **DENIED**.

The motion is also **DENIED** to the extent it requests an order requiring that Nealson be released from incarceration. It is well settled that "[h]abeas corpus, and not § 1983, is the

exclusive federal remedy for state prisoners seeking actual release from confinement." Griffin v. Balt. Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)); see also Skinner v. Switzer, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.") (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Accordingly, the relief sought by Nealson—an order requiring his release from prison—is not available in this § 1983 action.

For these reasons, Nealson's "motion for three judge panel for release order," ECF No. 9, is **DENIED**. The Clerk is directed to send a copy of this order to Nealson.

It is so **ORDERED**.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18
17:34:22 -05'00'

Michael F. Urbanski
Senior United States District Judge

2