CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Civil Action No. 7:25-cv-00719 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **LT. DAY,** et al., ) | Senior United States District Judge |
| Defendants. ) | |

## ORDER

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officers at Green Rock Correctional Center (Green Rock). Along with his complaint, Nealson filed a motion for preliminary injunctive relief, ECF No. 2, which is presently before the court. For the following reasons, the motion is **DENIED**.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Id. at 20. In Winter, the Supreme Court "made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief." Henderson v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (citing Winter, 555 U.S. at 20, 23).

Having reviewed the record, the court concludes that Nealson's motion must be denied. First, the motion does not address all of the requirements set forth in Winter, much

less make a "clear showing" as to each requirement. <u>Winter</u>, 555 U.S. at 22. For instance, while Nealson alleges that he was placed in disciplinary segregation based on a false charge and without receiving due process, he has not shown that irreparable harm is likely in the absence of preliminary injunctive relief. <u>See id.</u> ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is <u>likely</u> in the absence of an injunction.") (emphasis in original).

Additionally, the record reflects that Nealson is no longer incarcerated at Green Rock. According to a notice filed on November 14, 2025, Nealon is now confined at Sussex I State Prison. Consequently, it appears that any request for injunctive relief specific to Green Rock has been rendered moot. <u>See</u> <u>Rendelman v. Rouse</u>, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.").

For these reasons, Nealson's motion for preliminary injunctive relief, ECF No. 2, is **DENIED**. The Clerk is directed to send a copy of this order to Nealson.

It is so **ORDERED**.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18 17:19:24
-05'00'

Michael F. Urbanski
Senior United States District Judge